## John M. Camp, Appellant, v. Drainage Commissioners of Union Mutual Drainage District, Appellee.

DRAINAGE—*what essential to liability of district.* The fact that at the time of the making of an alleged contract (and at the time the work was done thereunder) there was no money in the treasury of the district and no levy or assessment had been made for the purpose of meeting such expense, is conclusive and establishes non-liability on the part of the district.

Assumpsit. Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed May 28, 1910.

W. G. CLOYD, for appellant.

REED & REED, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action in assumpsit, declaration containing the usual number of common counts. Appellant sued appellee to recover for removing dirt from the ditch alleged to belong to appellee. The plea was general issue with notice.

Appellee was organized as a mutual drainage district and existed as such for fifteen or twenty years. In September, 1905, the commissioners of appellee had the ditch surveyed and ascertained that it needed cleaning; at this time there had been no classification of the lands in the district and there had been no tax levied or collected by the commissioners and there was no money in the treasury of the district; appellant knew these matters. Under an agreement, which is alleged to have been made at the time of the organization of the district, the owners of the land in the district were to clean out and care for that portion of the ditch which was on their respective premises. Appellant was notified by the commissioners to clean out a portion of the ditch through his premises. Appellant proceeded to clean out the ditch

through his premises upon notice by the commissioners for him so to do. This work was done by appellant in 1895.

Appellant owned no land in the district at the time of its organization, but purchased his land in the district about 1892 or 3. If any agreement had existed between the land-owner and the district in regard to cleaning out the ditch or repairing the same over the land owned by the various land-owners, it was made prior to the time of the purchase of the land by appellant and it is not of record in the Drainage District.

A classification of the lands was made in December, 1907, by the commissioners for the purpose of making a special assessment and this was the first official act ever taken by the commissioners so far as making a classification of the lands. Appellant objected to the classification made of his lands at that time but the classification was confirmed in 1908. Appellee levied an assessment on the classification as confirmed and in its assessment against appellant's land gave him no credit for the work which had been done by him in cleaning out the ditch over his land, pursuant to its notice. Appellant claiming the district had utilized his work demanded payment for the work he had done, and upon refusal to pay brought this suit.

Appellee defends upon the ground of the alleged agreement made at the time of the organization of the Mutual Drainage District, also on the ground that even if there had been a contract made between appellant and appellee for the purpose of doing the work performed by appellant, the contract was illegal and void for the reason the district had no money in the treasury at the time of making the alleged contract and no tax had been levied or assessed for the purpose of meeting any such expense.

The district was organized under the Farm Drainage Act relating to mutual drainage districts. The record shows conclusively that at the time of the making of the alleged contract or giving of a notice to appellant to clean out the ditch and at the time of doing the work by him there was no money in the treasury of the district and no levy or assess-

ment had ever been made for the purpose of doing this work and this fact is not even controverted. The fact that at the time of the making of the alleged contract (and at the time the work was done by appellant) there was no money in the treasury of the district and no levy or assessment had been made for the purpose of meeting such expense is conclusive and must determine the right of recovery in this case. The commissioners were without power to enter into a contract for the purpose of doing this work and any agreement they might have made would have been void; therefore, no implied promise can be raised that could be enforced under such condition and no recovery could be had even if the commissioners had made a contract for the doing of this work and agreed to pay for it, and no legal levy or assessment could afterwards be made for the purpose of making the payment. The case of Drainage Commissioners, District No. 2, vs. Kenney, 233 Ill. 67, is decisive of this case and no other judgment could have been rendered on the facts by the trial court. There is no error in the record and the judgment is affirmed.

*Affirmed.*